E. MARTIN ESTRADA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division
ROBERT F. CONTE (Cal. Bar No. 157582)
Assistant United States Attorney
     Federal Building, Suite 7211
     300 North Los Angeles Street
     Los Angeles, California 90012
     Telephone: (213) 894-6607
     Facsimile: (213) 894-0115
     E-mail: robert.conte@usdoj.gov

Attorneys for Petitioner
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 5:24-cv-00974 |
|---|---|
| Petitioner, | Petition to Enforce Internal Revenue Service Summons; Memorandum of Points and Authorities; and Declaration in Support Thereof |
| v. | |
| GIASH U. KAZI, | [proposed Order filed herewith] |
| Respondent. | |

**PETITION**

The United States of America, Petitioner, states:

1. The United States brings this proceeding to judicially enforce an Internal Revenue Service (IRS) administrative summons pursuant to sections 7402(b) and 7604(a) of the Internal Revenue Code (26 U.S.C.). The IRS properly served GIASH U. KAZI (Kazi / taxpayer) with the subject IRS summons requesting that the taxpayer give testimony and produce documents. To date, however, Respondent has failed to comply with the IRS summons.

2. Respondent is domiciled and resides in the Central District of California.

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3.      The IRS is, and at all relevant times was, investigating Respondent's failure to pay tax assessments made against him for the tax years 2013, 2014, 2015, 2018, and 2019 (the subject tax years).  Declaration of Revenue Officer Davis (Davis Decl.) ¶ 5.

4.      In connection with this investigation, an IRS summons for testimony and documents was issued and served on Respondent by attaching an attested copy of the summons to the front door of the taxpayer's residence.  Davis Decl. ¶ 8.  A copy of the summons is attached to the Davis declaration as **Exhibit 1**.  A copy of the certificate of service is attached to the Davis declaration as **Exhibit 2**.

5.      Respondent has failed to comply with the summons, has not appeared before the IRS to give testimony, and has failed to produce the required books, records, papers, and other data in response to the summons, and such failure has continued to the date of this petition.  Davis Decl. ¶ 9.

6.      The IRS is not in possession or control of the books, records, papers, and other data sought by the summons.  Davis Decl. ¶ 14.

7.      All administrative steps required by the Internal Revenue Code in connection with the issuance and service of the summons have been taken.  Davis Decl. ¶ 15.

8.      The testimony and books, records, papers, and other data sought by the summons are necessary in order to properly pursue and complete the investigation.  Davis Decl. ¶ 16.

9.      The government seeks an order from the Court enforcing the summons and ordering the Respondent to appear before the IRS to give testimony and produce the documents and records set forth in the summons.  Davis Decl. ¶ 16.

10.     No recommendation for criminal prosecution of Respondent has been made by the IRS to the United States Department of Justice.  In addition, no Department of Justice referral, as described in 26 U.S.C. § 7602(d), is in effect with respect to Respondent.  Davis Decl. ¶ 17.

1    WHEREFORE, Petitioner requests that the Court enforce the subject IRS

2  administrative summons by:

3    A.    Ordering Respondent to appear and show cause why Respondent should not

4  be compelled to give testimony and produce the documents set forth in the summons;

5    B.    Ordering Respondent to comply with the summons; and

6    C.    Granting the government its costs in this proceeding and such other and

7  further relief as may be just and proper.

8

9

10  Dated:  05/09/2024                Respectfully submitted,

11                                    E. MARTIN ESTRADA
                                      United States Attorney
12                                    THOMAS D. COKER
                                      Assistant United States Attorney
13                                    Chief, Tax Division

14                                       /s/ Robert Conte
                                      _____
15                                    ROBERT F. CONTE
                                      Assistant United States Attorney

16                                    Attorneys for Petitioner
                                      UNITED STATES OF AMERICA
17

18

19

20

21

22

23

24

25

26

27

28

3

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    INTRODUCTION**

Section 7602(a) of the Internal Revenue Code (26 U.S.C.) provides that: For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized--

    1.  To examine any books, papers, records, or other data which may be relevant or material to such inquiry;

    2.  To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

    3.  To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

See <u>Crystal v. United States</u>, 172 F.3d 1141, 1143-44 (9th Cir. 1999).

Internal Revenue Code sections 7402(b) and 7604 authorize United States district courts to issue orders compelling, through their powers of contempt, compliance with IRS summonses. See <u>United States v. Gilleran</u>, 992 F.2d 232, 233 (9th Cir. 1993). An IRS summons is issued administratively, "but its enforcement is only by federal court authority in 'an adversary proceeding' affording the opportunity for challenge and 'complete protection to the witness.'" <u>United States v. Church of Scientology of</u>

4

1    *California*, 520 F.2d 818, 821 (9th Cir. 1975) (quoting <u>Donaldson v. United States</u>, 400

2    U.S. 517, 525, 91 S. Ct. 534, 539, 27 L. Ed. 2d 459 (1971)).

3          Because the enforcement of an IRS summons invokes the process of the court, the

4    court will not enforce a summons if it would constitute an abuse of process. <u>United

5    States v. Powell</u>, 379 U.S. 48, 58, 85 S. Ct. 248, 255, 13 L. Ed. 2d 112 (1964). Such an

6    abuse would occur if the summons was issued for an improper purpose, such as

7    harassment. <u>Id</u>., 379 U.S. at 58; <u>United States v. Stuart</u>, 489 U.S. 353, 360, 109 S. Ct.

8    1183, 1188, 103 L. Ed. 2d 388 (1989).  Accordingly, to obtain enforcement of an IRS

9    summons, the government is required to make a *prima facie* case for enforcement of the

10   summons.  <u>Crystal</u>, 172 F.3d at 1143-44; <u>Gilleran</u>, 992 F.2d at 233.

11         A *prima facie* case requires only that the government make a "minimal" showing

12   that it acted in "good faith in issuing the summons."  <u>United States v. Stuart</u>, 489 U.S. at

13   359.  Specifically, it must show that: (1) the investigation will be conducted pursuant to

14   a legitimate purpose; (2) the inquiry may be relevant to the purpose; (3) the information

15   sought is not already within the IRS's possession; and (4) it has followed the

16   administrative steps required by the Internal Revenue Code. <u>Powell</u>, 379 U.S. at 57-58.

17   The government's "burden is minimal 'because the statute must be read broadly in order

18   to ensure that the enforcement powers of the IRS are not unduly restricted.'"  <u>Crystal</u>,

19   172 F.3d at 1144 (quoting <u>Liberty Financial Services v. United States</u>, 778 F.2d 1390,

20   1392 (9th Cir. 1985)).  Once the government has made its *prima facie* case, the

21   summoned party bears the "heavy" burden to "disprove the actual existence of a valid

22   civil tax determination or collection purpose by the Service[.]"  <u>Crystal</u>, 172 F.3d at

23   1144.

24         Normally, the government makes the "good faith" showing of materiality and

25   relevancy required by <u>Powell</u> in the petition to enforce the summons and the

26   accompanying declaration of the issuing IRS agent.  See <u>Crystal</u>, 172 F.3d at 1144

27   (quoting <u>United States v. Dynavac, Inc.</u>, 6 F.3d 1407, 1414 (9th Cir. 1993)).

28

1    As to the required showing of relevance, the Supreme Court stated in United
2    States v. Arthur Young & Co., 465 U.S. 805, 814, 104 S. Ct. 1495, 1501, 79 L. Ed. 2d
3    826 (1984) that:

4       As the language of § 7602 clearly indicates, an IRS summons is not to be
5       judged by the relevance standards used in deciding whether to admit
6       evidence in federal court.  *Cf.* Fed. Rule Evid. 401. The language "may be"
7       reflects Congress' express intention to allow the IRS to obtain items of even
8       potential relevance to an ongoing investigation without reference to its
9       admissibility.  The purpose of Congress is obvious: the Service can hardly
10      be expected to know whether such data will in fact be relevant until it is
11      procured and scrutinized.  As a tool of discovery, the §7602 summons is
12      critical to the investigation and enforcement functions of the IRS, see
13      United States v. Powell, 379 U.S. 48, 57, 85 S. Ct. 248, 254, 13 L. Ed. 2d
14      112 (1964); the Service therefore should not be required to establish that the
15      documents it seeks are actually relevant in any technical, evidentiary sense.
16      (emphasis in original).

17   "Once the Government has established its *prima facie* case, the district court
18   issues an order requiring the party on whom the summons has been served to show
19   cause, at an enforcement hearing, why compliance with the summons should not be
20   required."  United States v. Samuels, Kramer and Co., 712 F.2d 1342, 1345 (9th Cir.
21   1983).  The burden of proof is shifted to the person challenging the summons to "refute
22   the Government's Powell showing of good faith to oppose successfully the enforcement
23   of an IRS summons."  Id. at 1346; see also Crystal, 172 F.3d at 1144.  "The taxpayer
24   may challenge and attempt to rebut the *prima facie* case of good faith the government
25   has established or attempt to show that enforcement of the summons would otherwise
26   constitute an abuse of process."  Gilleran, 992 F.2d at 233; see also Crystal, 172 F.3d at
27   1144.  "The taxpayer, however, carries a heavy burden of convincing the district court to

28

deny enforcement." United States v. Stuckey, 646 F.2d 1369, 1372 (9th Cir. 1981); accord Crystal, 172 F.3d at 1144.

"'[S]ummons enforcement proceedings should be summary in nature and discovery should be limited.'" United States v. Derr, 968 F.2d 943, 945 (6th Cir. 1992), quoting Stuart, 489 U.S. at 369, quoting S. Rep. No. 97 494, 97th Cong. 2d Sess., vol. 1, 285 (1982); see also, Church of Scientology, 520 F.2d at 821.[1]  "'The taxpayer must allege specific facts and evidence to support his allegations' of bad faith or improper purpose." Crystal, 172 F.3d at 1144 (quoting United States v. Jose, 131 F.3d 1325, 1328 (9th Cir. 1997) and Liberty Financial Services, 778 F.2d at 1392).  A party opposing the summons must be able to come forward with at least "a minimal amount of evidence just to entitle him or her to an evidentiary hearing." Stuckey, 646 F.2d at 1372.  In this Circuit, the Court may allow limited discovery "only if the taxpayer can make a substantial preliminary showing of abuse or wrongdoing." Stuckey, 626 F.2d at 1374. But "[n]aked allegations of improper purpose are not enough:  The taxpayer must offer some credible evidence support his charge." United States v. Clarke, 573 U.S. 248, 254 (2014).

In Donaldson, 400 U.S. at 528-29, the Supreme Court noted that Rule 81(a)(3) of the Federal Rules of Civil Procedure allows the Court to limit the application of the federal rules in summons enforcement proceedings.  In keeping with the summary nature of these proceedings, the show cause order is an appropriate tool to place the burden of proof on the summoned party after the government's *prima facie* case has been made.

---

[1] The Fifth Circuit has discussed the procedure to be followed in summons enforcement proceedings:

> To ascertain whether there is any basis for questioning the summons, the traditional show cause order is an effective and appropriate procedural tool. Indeed, it harmonizes procedure with the substantive principle that puts the burden on the summoned party "of showing an abuse of the court's process." Powell, (note 17, supra). In no way does its use extinguish the adversary proceeding which the decisions call for. Rather it is a principle means by which the enforcing Court can determine whether there is anything to "hear" and if so to give proper scope and direction to an orderly, but expeditious, adjudication of the points in controversy.

United States v. Newman, 441 F.2d 165, 169 (5th Cir.1971).

If no substantial challenge to the validity of the summons is made in a sworn affidavit or declaration alleging specific facts, the matter should be decided on the pleadings before the district court with no further proceedings, the summons should be enforced, and the IRS should be allowed to obtain the summoned testimony, books, papers, records, and other data. See, e.g., Liberty Financial Services, 778 F.2d at 1392-93 (IRS affidavit was not controverted).

"Enforcement of a summons is generally a summary proceeding to which a taxpayer has few defenses." Derr, 968 F.2d at 945; accord Crystal, 172 F.3d at 1144. "[T]he sole purpose of the enforcement proceeding is to ensure that the IRS has issued the summons for proper purpose and in good faith, and ... the district court is strictly limited to enforcing or denying IRS summonses." Jose, 131 F.3d at 1328-29.

## II.    CONCLUSION

The filing of the petition to enforce the subject IRS summons in this case and the declaration of the issuing IRS agent establish the government's *prima facie* case for enforcement of the summons.  As attested to in the declaration of the IRS agent who issued the summons, the IRS is conducting an investigation of Respondent for the tax periods identified in the summons; the information sought by the summons may be relevant to that purpose; the IRS does not already possess the requested information; and the IRS followed the administrative steps required by the Internal Revenue Code for issuance and service of the summons.  The Court should issue an order directing Respondent to show cause why the IRS summons should not be enforced and why the Court should not order that Respondent appear before the IRS to give testimony and produce the documents and records as set forth in the summons.

///

///

If Respondent fails to respond to or rebut the government's *prima facie* case for enforcement, then the Court should issue an order enforcing the IRS summons as set forth herein.

Dated: 5/9/24

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division

/s/  Robert Conte
ROBERT F. CONTE
Assistant United States Attorney

Attorneys for Petitioner
UNITED STATES OF AMERICA